UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAUL VON ANCKEN,

For Online Publication Only

                         Plaintiff,

**ORDER**
24-CV-2356 (JMA)

        -against-

**FILED**
**CLERK**

3/9/2026 10:38 am

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

                         Defendant.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is an appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 et seq. (the "SSA").  Plaintiff Paul Von Ancken challenges a final determination by the Commissioner of the Social Security Administration (the "Commissioner") that he is ineligible to receive Social Security disability insurance benefits.  (See Compl., ECF No. 1.)  Presently before the Court are the parties' cross-motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.  (ECF Nos. 11 & 12.)  Upon consideration of the administrative record and the reasons set forth herein, the Court DENIES Plaintiff's motion and GRANTS Defendant's cross-motion for judgment on the pleadings.

## I.    BACKGROUND

Plaintiff worked as a propane truck delivery driver for approximately 25 years.  (Tr. 4-5.)  On June 25, 2020, he suffered a work-related injury while delivering a load of propane to resupply the propane heat to a swimming pool.  (Tr. 5-6.)  While he was filling the pool heater tank, the nozzle detached from the hose, releasing liquid propane that ignited and caused an explosion.  (Tr. 4-5.)  Plaintiff sustained burns to his head, ears, lips, face, neck, chest, back, legs, arms and calves.  (Tr. 5-6.)  He also developed anxiety after the accident and experienced panic attacks triggered by memories of the event.  (Tr. 247.).

On June 25, 2021, Plaintiff filed for disability insurance benefits pursuant to Title II of the SSA, alleging burns, post-traumatic stress disorder (PTSD), anxiety, and major depressive disorder. (ECF No. 10, Administrative Transcript ("Tr.") 60, 76, 192-97, 202-12.)

The SSA denied his application initially on November 4, 2021, and again upon reconsideration on May 18, 2022. (Tr. 97, 110.) Subsequently, Plaintiff requested a hearing, which was held on March 16, 2023. (Tr. 1-21.) On April 6, 2023, Administrative Law Judge ("ALJ") Alan Berkowitz found that Plaintiff was not disabled within the meaning of the SSA. (Tr. 35-53.) On February 2, 2024, the Social Security Administration Appeals Council denied Plaintiff's request for review. (Tr. 22-27.) ALJ Berkowitz's decision is the final decision of the Commissioner, subject to review under 42 U.S.C. § 405(g). (Tr. 22.)

On March 29, 2024, Plaintiff appealed the Commissioner's final decision by filing suit in the United States District Court for the Eastern District of New York. (See Compl.) Currently pending are both parties' motions for judgment on the pleadings pursuant to FED. R. CIV. P. RULE 12 (c). (ECF No. 11, 12.)

## II.    LEGAL STANDARDS

### A.    Social Security Disability Standard

To qualify for disability benefits under Title II, an individual must be (i) insured for disability benefits; (ii) not have attained retirement age; (iii) be a U.S. citizen or a foreign national under certain circumstances not relevant here; and (iv) have a "disability." 42 U.S.C. § 423(a)(1). The SSA defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security Administration regulations prescribe a five-step analysis for an ALJ to determine if a claimant is eligible for disability benefits. See 20 C.F.R. § 404.1520. The Second Circuit summarizes that analysis as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a 'severe impairment' which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience .... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant can perform.

Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012); see also Bushey v. Berryhill, 739 F. App'x 668, 671 (2d Cir. 2018). The claimant bears the burden of proof at steps one through four. The burden then shifts to the Commissioner at step five to demonstrate that claimant is capable of work. Talavera, 697 F.3d 145 at 152; Williams v. Comm'r of Soc. Sec., No. 20-CV-02665, 2021 WL 4690794, at *1 (E.D.N.Y. Oct. 7, 2021) ("the claimant bears the burden of proof in the first four steps of the inquiry; the Commissioner bears the burden in the final step.") (internal citation omitted).

**B.     Standard of Review**

"The Court's review of a Commissioner's denial of disability insurance benefits is limited to two inquiries: (1) whether the Commissioner applied the correct legal standards in reaching a decision, and (2) whether the Commissioner's factual findings were 'supported by substantial evidence in the record as a whole.'" Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015). "The

Court will not, however, substitute its own judgement for that of the Commissioner's 'or determine de novo whether [the claimant] is disabled.'" Id., 516 F. Supp. 3d at 220 (quoting Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012)); see also Greek, 802 F.3d at 374-75 ("The disability within the meaning of the Act belongs to the Commissioner.").

Regarding the first inquiry, the Court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted); accord Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Edwards v. Comm'r of Soc. Sec. Admin., No. 22-CV-4345, 2023 WL 6173526, at *2 (S.D.N.Y. Sept. 22, 2023) (quoting Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008)).

As for the second inquiry, to determine whether the Commissioner's factual findings are supported by substantial evidence, the reviewing court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (internal quotation marks and citation omitted)). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ryan on Behalf of V.D.C. v. Comm'r of Soc. Sec., No. 21-2947-CV, 2022 WL 17933217, at *1 (2d Cir. 2022) (internal quotation marks omitted); see id. (substantial evidence is "more than a mere scintilla") (citation omitted). The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). Thus, the relevant question is not whether substantial evidence supports Plaintiff's position, but whether "substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). This is a "highly deferential standard of review."

Spellman v. Comm'r of Soc. Sec., No. 2:21-CV-05842, 2023 WL 5350845, at *9 (E.D.N.Y. Aug. 21, 2023) (citing Negron v. Berryhill, 733 F. App'x 1, 2 (2d Cir. 2018)).

### III.    DISCUSSION

#### A.    The ALJ's Decision

On April 6, 2023, ALJ Berkowitz found that Plaintiff was not disabled within the meaning of the SSA and denied Plaintiff's claims for disability insurance benefits and supplemental security income.  (Tr. 35-53.)  Applying the five-step analysis set forth above, ALJ Berkowitz—after finding that Plaintiff satisfied the insured status requirements of the Act—concluded that Plaintiff also met the first two steps: he had not engaged in substantial gainful activity since the alleged onset date of June 26, 2020, and had the severe, medically determinable impairments of "status burns," vascular disease, obesity, major depressive disorder, anxiety disorder, and Post Traumatic Stress Disorder ("PTSD").  (Tr. 39-40.). At the third step, however, ALJ Berkowitz found that Plaintiff's impairments failed to meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 41-43.)  At the fourth step, ALJ Berkowitz found Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined in 20 CFR 404.1567(b) and 416.967(b): he could lift or carry up to 10 pounds frequently and 20 pounds occasionally; sit up to 6 hours in an 8 hour day; stand or walk up to 6 hours in an 8 hour day, occasionally stoop, crouch, crawl, kneel, and squat; occasionally climb stairs and ramps; never climb ladders, ropes, or scaffolds; occasionally reach overhead with bilateral upper extremities; could carry out simple and short instructions; could make simple work-related decisions; and could occasionally interact with co-workers, supervisors, and the public.  (Tr. 43.)

Based on the RFC determination, and after hearing testimony from an impartial vocational expert ("VE"), ALJ Berkowitz determined that Plaintiff could not perform his past work as a propane truck delivery driver, but could perform work as an officer helper, laundry aide, and

quality checker.  (Tr. 52.)  Accordingly, the ALJ concluded that Plaintiff was not disabled from June 26, 2020 through the date of his decision on April 6, 2023.  (Tr. 53.)

**B.      Plaintiff's Challenge**

Plaintiff asserts two points of error in support of his motion for judgment on the pleadings. (See ECF No. 11 at 13-16.)  First, Plaintiff contends that ALJ Berkowitz failed to properly consider the opinion of Dr. Christopher Burke, Plaintiff's treating psychiatrist, in rendering his decision. (Id.)  Second, Plaintiff argues that ALJ Berkowitz failed to consider the opinion of an examining psychiatrist, Dr. De La Chapelle, that Plaintiff could only work part time.  (Id. at 15.)  Plaintiff asserts that these failures constitute prejudicial error and require a remand to the Commissioner for further proceedings.  (Id. at 16.)  The Commissioner counters that ALJ Berkowitz properly considered Dr. Burke's and Dr. De La Chappelle's opinions, that his decision is supported by substantial evidence, and that remand is unwarranted.  (See ECF No. 12 at 10-22.).

Based on the Court's review of the record, the Court finds that ALJ Berkowitz properly applied the SSA regulations and that his decision is supported by substantial evidence in the record.

**1.  ALJ Berkowitz Properly Evaluated Dr. Burke's Opinion**

Plaintiff asserts that ALJ Berkowitz "failed to properly consider" Dr. Burke's opinion and "cherry picked" only the portions that supported the Commissioner's conclusion (ECF No. 11 at 14.)  Specifically, Plaintiff contends that ALJ Berkowitz credited only those parts of Dr. Burke's opinion finding moderate restrictions, and not those parts where the doctor found marked limitations.  (Id.)  In response, the Commissioner points to the ALJ's comparative analysis of other experts' opinions that found Plaintiff did not have any marked imitations and asserts that that the ALJ properly accounted for these opinions in analyzing Dr. Burke's opinion and evaluating that opinion's consistency with the entire record.  (ECF No. 12 at 21.) The Court agrees with the

Commissioner and finds that ALJ Berkowitz properly evaluated Dr. Burke's opinion in light of the entire record.

In his report, Dr. Burke found that Plaintiff had moderate limitations "in his ability to relate to others, deterioration in personal habits, respond appropriate to supervisions, co-workers, and co-workers, use good judgement on the job, perform simple tasks, and behave in an emotionally stable manner." (Tr. 50, 1176-77). However, Dr. Burke also found that Plaintiff had marked limitations in other activities of daily living—such as "his ability to maintain concentration, pace, attention for extended periods of at least 2 hours, sustain a routine without special supervision, understand, carry out and remember instructions, respond to customary work pressures, respond appropriately to changes in the work setting"—and "extreme limitations" in "his ability to sustain a routine without special supervision." (Tr. 50, 1176-77.)

Under the current regulations, ALJs "must evaluate the persuasiveness of all medical opinions in the record based on five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion." Rosario v. Comm'r of Soc. Sec., No. 21 CIV. 1151, 2022 WL 4593069, at *5 (S.D.N.Y. Sept. 30, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)). "Supportability and consistency are the most important factors in evaluating a medical opinion." Id. (citing 20 C.F.R. § 404.1520c(b)(2)). For the "supportability" factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). For the "consistency" factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will

7

be." 20 C.F.R. § 404.1520c(c)(2).  "As part of his or her decision, the ALJ must explain how the factors of supportability and consistency were considered."   Rosario, 2022 WL 4593069, at *5 (citing 20 C.F.R. § 404.1520c(b)(2)).

ALJ Berkowitz carefully evaluated the medical opinion evidence with respect to each factor.  ALJ Berkowitz found Dr. Burke's opinion on marked limitations to be less persuasive because it was not adequately supported by his treatment notes and was inconsistent with other evidence in the record.  (Tr. 50).  For instance, ALJ Berkowitz pointed to the portions of Dr. Burke's notes that "frequently showed the claimant to be cooperative with steady gait, adequate hygiene and grooming, fair eye contact, no psychomotor agitation or retardation, goal directed and linear thought process, gross intact insight and judgment,"  which  the ALJ concluded supported a finding of lesser limitations in Plaintiff's ability to maintain concentration, respond to changes, or sustain routine.  (Tr. 50, 245, 504-05, 751, 779-80.)

ALJ Berkowitz cited other evidence in the record—including Dr. Herman's consultative examination and the independent psychiatric evaluation of Dr. De La Chapelle—that showed that Plaintiff had "good to intact attention and concentration, intact recent memory, good computations ability, and average cognitive functioning."  (Tr. 50, 816-20.)

In addressing Dr. Herman's opinion, the ALJ explained:

Consultative examiner Dr. Herman opined the claimant has no evidence of limitation with respect to this claimant's ability to understand, remember and apply simple directions and instructions, use reason and judgment to make simple work-related decisions, consistent pace, ordinary routine and regular attendance, maintain wellbeing, personal hygiene and appropriate attire, and be aware of hazards and take appropriate precautions (Exhibit 17F). The undersigned finds this portion of Dr. Herman's opinion persuasive, as it is based on a thorough, contemporaneous examination and is generally consistent with treatment notes showing dysphoric and anxious mood with congruent affect but adequate hygiene and grooming, fair eye contact, no psychomotor agitation or retardation, goal directed and linear thought process, and gross intact insight and judgment (Exhibit 7F, 12F, 14F, 18F, 20F, 22F).  However, the undersigned finds less persuasive Dr. Herman's opinion that the claimant has no limitations in his ability to sustain concentration, interact adequately, and regulate emotions in a work setting as the record shows the

8

claimant is more limited. The record shows the claimant receives regular treatment for his mental impairments. Treatment notes showed dysphoric and anxious mood with congruent affect (Exhibit 7F, 12F, 14F, 18F, 20F, 22F).

(Tr. 50.)

Notably, Plaintiff's brief does not even acknowledge Dr. Herman, whose examination and opinion were relied on by ALJ Berkowitz and supported his analysis of Dr. Burke's opinion and ultimate RFC determination.[1]

In sum, the Court finds that ALJ Berkowitz satisfied his obligation to evaluate the persuasiveness of Dr. Burke's opinion with respect to supportability and consistency with the record.

ALJ Berkowitz's analysis of Dr. Burke's opinion and his ultimate RFC determination were supported by substantial evidence.  This Court does not substitute its own judgement for that of the Commissioner or determine de novo whether the Plaintiff is disabled.

### 2.  ALJ Berkowitz Properly Evaluated Dr. De La Chappelle's Opinion

Plaintiff asserts that the Court discounted Dr. De La Chapelle's opinion that the Plaintiff could only work part time. (See ECF No. 11 at 16.) ("Dr. De La Chapelle opined, from a psychiatric perspective, that Mr. Von Ancken can perform only part time work, i.e. four hours a day, five days a week").  This argument also fails.

ALJ Berkowitz properly considered and evaluated Dr. De La Chapelle's opinion.  The ALJ's decision discusses Dr. De La Chapelle's opinion and findings at length, but correctly noted that Dr. De La Chappelle "did not give a function by part function assessment of the claimant's vocational limitations." (Tr. 47; see Tr. 42, 45, 46-47, 50.)  In addressing Dr. Burke's opinion, ALJ

---

[1]  ALJ Berkowitz also considered the opinions of the two state medical examiners, Dr. Shapiro and Dr. Butler, who determined that Plaintiff had "no more than mild limitations in any of the mental areas of functioning."  The ALJ found those opinions "less persuasive," noting that the record showed that Plaintiff was more limited and that the two doctors neither examined Plaintiff nor reviewed the entire record.  (Tr. 49.)

Berkowitz also explicitly cited to Dr. De La Chapelle's examination findings along with similar findings by Dr. Herman.  (Tr. 50.)

In his opinion, Dr. De La Chappelle concluded that Plaintiff had a "moderate" disability and that Plaintiff is "able to perform his usual daily activities and he can return to work on a part-time basis (i.e., four hours a day, five days a week)."  (Tr. 821.)  The ALJ, however, found such statements—including the determination that Plaintiff could work part time—to be unpersuasive because they were conclusory and inherently neither valuable nor persuasive.[2]  (Tr. 50.)  Plaintiff's claim that the ALJ ignored Dr. De La Chappelle's report is simply incorrect.  ALJ Berkowitz complied with appliable regulations and appropriately evaluated the medical opinions in line with other evidence in the record.

Because ALJ Berkowitz's determination was supported by substantial evidence, it must be upheld.  See 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); Alvarez, 2023 WL 2464961, at *1 (E.D.N.Y. Mar. 10, 2023) (same).

## IV.    CONCLUSION

For the reasons stated above, the undersigned grants Commissioner's motion for judgement on the pleadings and denies Plaintiff's motion.  The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:       March 9, 2026
             Central Islip, New York

                                          /s/ JMA
                              _____
                                  JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE

---

[2]  While ALJ Berkowitz appropriately found that that these determinations were conclusory (and, thus, were neither valuable nor persuasive) the Court notes that these determinations by Dr. De La Chappelle—which Plaintiff cites in his brief—appear to be in some tension with Dr. Burke's very restrictive opinion.

10